NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


TITO MORELL,                                    )
                                               )
            Appellant,                         )
                                               )
v.                                             )        Case No. 2D16-5514
                                               )
STATE OF FLORIDA,                              )
                                               )
            Appellee.                          )
_____)

Opinion filed September 15, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Michelle Sisco,
Judge.

Tito Morell, pro se.

SILBERMAN, Judge

        Tito Morell timely appeals an order dismissing his claims for

postconviction relief.  The postconviction court entered the order pursuant to an

agreement between the parties that resolved Mr. Morell's claims.  We affirm.

        In his postconviction motion, Mr. Morell asserted multiple claims, and the

postconviction court granted an evidentiary hearing on several of them.  At the

evidentiary hearing, the State and Mr. Morell announced an agreement for entry of

amended sentences and dismissal of the balance of Mr. Morell's claims.  The

postconviction court accepted the agreement and imposed the agreed-upon sentences. The court later entered its final order dismissing Mr. Morell's remaining claims with prejudice.

Mr. Morell appealed the final order of dismissal, but he does not assert any error as to that order. Instead, he argues that the agreed-upon sentences are illegal because they exceed the statutory maximum sentences allowed for his convictions. In its answer brief, the State concedes that Mr. Morell's sentences are illegal.

Because Mr. Morell does not assert that the trial court erred in its order of dismissal, which is the order now before us, we affirm. Although he raises a valid argument concerning the illegality of his amended sentences, the sentencing orders are not within the scope of our review because Mr. Morell did not initiate an appeal from those orders. Further, he did not preserve the issue for appellate review by filing a motion to correct the illegal sentences in the postconviction court. See Jackson v. State, 983 So. 2d 562, 568-69, 572-73 (Fla. 2008). Accordingly, our affirmance is without prejudice to Mr. Morell filing a motion under Florida Rule of Criminal Procedure 3.800(a) in the postconviction court.

Affirmed without prejudice.


LUCAS and BADALAMENTI, JJ., Concur.