NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TITO MORELL,                          )
                                      )
        Appellant,                    )
                                      )
v.                                    )          Case No. 2D18-3683
                                      )
STATE OF FLORIDA,                     )
                                      )
        Appellee.                     )
_____)

Opinion filed October 2, 2019.

Appeal pursuant to Fla. R. App. P. 9.141
(b)(2) from the Circuit Court for Hillsborough
County; Barbara Twine Thomas, Judge.

Tito Morell, pro se.

Ashley Moody, Attorney General,
Tallahassee, and William Stone, Jr.,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

        Tito Morell appeals the order denying his motion to correct illegal sentence

filed pursuant to Florida Rule of Criminal Procedure 3.800(a).  The State properly

concedes error, and we reverse.

        In each of two cases, Morell pleaded guilty to one count of robbery under

section 812.13(2)(c), Florida Statutes (2009), and the trial court sentenced him to

concurrent terms of forty years' imprisonment with a thirty-year mandatory minimum as a violent career criminal (VCC) and a prison releasee reoffender (PRR). At an evidentiary hearing on his rule 3.850 motion, Morell agreed to withdraw his motion in exchange for amended sentences of twenty years' imprisonment with a fifteen-year mandatory minimum as a PRR. As a result, the postconviction court dismissed Morell's rule 3.850 motion with prejudice. He appealed the order of dismissal, arguing that his amended sentences were illegal because they exceed the statutory maximum for a second-degree felony offense. Morell v. State, 226 So. 3d 365, 366 (Fla. 2d DCA 2017). The State conceded that Morell's sentences were illegal, but this court affirmed because the only order before it was the order of dismissal, not the sentencing orders. Id. In doing so, this court stated that Morell raised "a valid argument concerning the illegality of his amended sentences," and it affirmed without prejudice to Morell filing a rule 3.800(a) motion. Id.

In his rule 3.800(a) motion, Morell argued that his sentence is illegal because robbery under section 812.13(2)(c) is a second-degree felony punishable by fifteen years' imprisonment. See § 775.082(3)(c), Fla. Stat. (2009). He acknowledged that he qualified for sentencing under the PRR statute, which provides for a fifteen-year mandatory minimum sentence for a second-degree felony. See § 775.082(9)(a)(3)(c). Morell attached to his motion this court's opinion in Morell as well as the State's answer brief conceding error.

The postconviction court denied Morell's motion, ruling that Morell's "twenty (20) year sentence is lawful, as imposing a greater sentence is permitted

- 2 -

pursuant to Florida Statutes 775.082." However, nowhere in section 775.082 is a twenty-year sentence for a second-degree felony authorized.

The State properly concedes that Morell's twenty-year sentence for a second-degree felony is illegal. Accordingly, we reverse and remand with directions for the postconviction court to resentence Morell to fifteen years' imprisonment as a PRR.

Reversed and remanded.

KELLY, LaROSE, and LUCAS, JJ., Concur.